IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Gainesville

NOV 17 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

MIGUEL HERNANDEZ

    Petitioner,

    v.

DENNIS UDZINSKI, in his official
capacity, LADEON FRANCIS, in his
official capacity, TODD LYONS, in
his official capacity, KRISTI NOEM,
in her official capacity, and PAMELA
BONDI, in her official capacity,

    Respondents.

Civil Action No.

2:25-CV-373-RWS

## ORDER

This case comes before the Court on Petitioner Miguel Hernandez's Verified

Petition for Writ of Habeas Corpus [Dkt. 1 – Petition] and Motion for Temporary

Restraining Order and Preliminary Injunctive Relief and Request for an Immediate

Hearing [Dkt. 3 – Mot. for TRO]. This habeas petition challenges certain actions

and policies of U.S. Immigrations and Customs Enforcement (ICE). Petitioner

alleges that on November 15, 2025, local police arrested him in Hall County,

Georgia, after a car accident. [Dkt. 1, at ¶ 3]. Later that evening, Petitioner's son

paid his bond, but Hall County refused to release Petitioner because "they

indicated he has an immigration detainer by ICE." [Id.]. Petitioner says that his "detention by ICE is unlawful and unconstitutional." [Id. at ¶ 2].

Petitioner seeks a Court order that, among other things, (1) schedules a hearing as soon as possible, (2) requires Respondents to respond to Petitioner's Motion for TRO on an expedited basis, (3) enjoins Respondents from transferring him outside of this Court's jurisdiction, (4) orders his immediate release, and (5) enjoins Respondents from re-detaining him during the pendency of these proceedings.[1] [Dkt. 2, at 15–16]. Respondents in this case have not yet received service of the Petition or the Motion for TRO. Petitioner expressly "seeks a TRO on an ex parte basis because immediate and irreparable injury will occur before Respondents can be heard in opposition." [Id. at 2].

To obtain a temporary restraining order, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the

---

[1] At this stage, the Court finds that it has jurisdiction over these proceedings. Although federal law states that "no court shall have jurisdiction" to review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), federal law vests district courts with jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); see U.S. CONST. art. I, § 9, cl. 2. Even if the Court ultimately finds that it lacks jurisdiction, the Court "always has jurisdiction to determine its own jurisdiction." Brownback v. King, 592 U.S. 209, 218–19 (2021) (quoting United States v. Ruiz, 536 U.S. 622, 628 (2002)).

2

harm the relief would inflict on the non-movant; and (4) that granting the relief would not be adverse to the public interest. <u>Scott v. Roberts</u>, 612 F.3d 1279, 1290 (11th Cir. 2010); <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1225–26 (11th Cir. 2005). A TRO is "an extraordinary and drastic remedy" that a court should grant only when the movant clearly carries the burden of persuasion as to each of the four prerequisites. <u>See</u> <u>Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205, 1210 (11th Cir. 2003).

Federal of Civil Procedure 65(b) allows the Court to issue a temporary restraining order on an ex parte basis only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

After consideration of the record in this case, the Court finds that at this early stage in the case, Petitioner has satisfied the four prerequisites for a TRO. Further, the Court finds that (1) specific facts in the Verified Petition clearly show that immediate and irreparable injury will result to Petitioner before Respondents can be heard in opposition and (2) Petitioner has given reasons why notice should

3

not be required here. Accordingly, it is hereby **ORDERED** that Petitioner's

Motion for Temporary Restraining Order and Preliminary Injunctive

Relief and Request for an Immediate Hearing [Dkt. 3] is **GRANTED IN PART** as

follows:

(1)    Petitioner shall cause service of the Petition [Dkt. 1], the Motion for

TRO [Dkt. 2], and this Order to be made on Respondents as soon as

practicable and shall immediately file proof of such service, or waiver

of service, on the case docket.

(2)    Respondents shall file briefs in response to Petitioner's Motion for

TRO [Dkt. 2] no later than **three (3) days** after service is perfected or

waived.[2]

(3)    Petitioner shall file any reply to Respondents' response briefs no later

than **two (2) days** after the filing of such response briefs.

(4)    Respondents are **RESTRAINED** from removing Petitioner from the

Northern District of Georgia until further order from this Court.

An evidentiary hearing, if necessary, shall thereafter be set by separate order.

---

[2] As for computing time, the Court reminds the parties that for periods of time stated in days, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(C).

Plaintiff's Motion for TRO is otherwise **DEFERRED** until further Order of the Court after the receipt of the additional briefing and any hearing on such motion.

**SO ORDERED** this 17th day of November, 2025 at 4:05 p.m. Eastern Standard Time.

**RICHARD W. STORY**
United States District Judge